# MAZIE SLATER KATZ & FREEMAN, LLC

COUNSELLORS AT LAW

103 Eisenhower Parkway
Roseland, NJ 07068
(973) 228-9898
Fax (973) 228-0303
www.mskf.net

David A. Mazie*†
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman

\* Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

† Certified as a Civil Trial Specialist
by the National Board of
Trial Advocacy

Writer's Direct Dial 973-228-0391

Counsel
Beth G. Baldinger°

Jennifer D. Pawlak°
Marco V. Capasso
Matthew R. Mendelsohn°

° Member of N.J. & N.Y. Bars

May 1, 2008

## VIA CERTIFIED AND REGULAR MAIL – RETURN RECEIPT REQUESTED

United Benefit Fund
75-13 Metropolitan Avenue
Middle Village, New York 11379

RE: North Jersey Brain & Spine Center v. United Benefit Fund
Docket No. BER-L-3241-08

Dear Sir/Madam:

Enclosed herewith is a Summons and Complaint with regard to the above matter. Please be guided accordingly.

Very truly yours,

MATTHEW R. MENDELSOHN

MRM/av
Enclosures

H:\EDK\Comp Neuro\United Benefit Fund\Metropolitan ltr encl summons complaint 5-1-08.doc

## DEPUTY CLERKS OF THE SUPERIOR COURT

ATLANTIC COUNTY:
Lori Mooney, Clerk
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
*LAWYER REFERRAL*
(609) 345-3444
*LEGAL SERVICES*
(609) 348-4200

BERGEN COUNTY:
Kathleen A. Donovan, Clerk
119 Justice Center
10 Main Street
Hackensack, NJ 07601-7968
*LAWYER REFERRAL*
(201) 488-0044
*LEGAL SERVICES*
(201) 487-2166

BURLINGTON COUNTY:
Edward A. Kelly, Jr., Clerk
First Fl., Courts Facility
49 Rancocas Road
Mt. Holley, NJ 08060
*LAWYER REFERRAL*
(609) 261-4862
*LEGAL SERVICES*
(609) 261-1088

CAMDEN COUNTY:
Michael S. Keating, Clerk
First Fl., Hall of Records
501 Fifth Street
Camden, NJ 08103
*LAWYER REFERRAL*
(609) 364-4520
*LEGAL SERVICES*
(609) 364-2010

CAPE MAY COUNTY:
Angela F. Pulvino, Clerk
(Law Division Filings)
Box DN-209
Cape May Courthouse, NJ 08210
or
(General Equity Filings)
Box DN-209A
Cape May Courthouse, NJ 08210
*LAWYER REFERRAL*
(609) 463-0313
*LEGAL SERVICES*
(609) 465-3001

CUMBERLAND COUNTY:
John G. Nardelli, Clerk
Courthouse, Direct Filing
Broad & Fayette Streets
Bridgeton, NJ 08302
*LAWYER REFERRAL*
(609) 452-5291
*LEGAL SERVICES*
(609) 451-0003/935-8024

ESSEX COUNTY:
Patricia McGarry Drake, Clerk
236 Hall of Records
465 Dr. Martin Luther King, Jr. Blvd.
Newark, NJ 07102
*LAWYER REFERRAL*
(201) 533-1779
*LEGAL SERVICES*
(201) 624-4500

GLOUCESTER COUNTY:
Joseph H. Hoffman, Clerk
First Fl., Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
*LAWYER REFERRAL*
(609) 848-4589
*LEGAL SERVICES*
(609) 848-5360

HUDSON COUNTY:
Frank E. Rodgers, Clerk
Superior Court, Civil Records Dept.
Brennan Court House
583 Newark Avenue
Jersey City, NJ 07306
*LAWYER REFERRAL*
(201) 798-2727
*LEGAL SERVICES*
(201) 792-6363

HUNTERDON COUNTY:
Dorothy K. Tirpok, Clerk
Hall of Records
71 Main Street
Flemington, NJ 08822
*LAWYER REFERRAL*
(609) 788-6112
*LEGAL SERVICES*
(609) 782-7979

Case 2:08-cv-02648-FSH-PS   Document 1-1   Filed 05/29/08   Page 4 of 19 PageID: 7

MERCER COUNTY:
Albert E. Driver, Jr., Clerk
P.O. Box 8068
209 South Broad Street
Trenton, NJ 08650
*LAWYER REFERRAL*
(609) 890-6200
*LEGAL SERVICES*
(609) 695-6249

MIDDLESEX COUNTY:
Herbert P. Lashomb, Clerk
Court House, East Wing
Lobby Floor/P.O. Box 2633
One Kennedy Square
New Brunswick, NJ 08903-2633
*LAWYER REFERRAL*
(908) 828-0053
*LEGAL SERVICES*
(908) 249-7600

MONMOUTH COUNTY:
Jane Clayton, Clerk
P.O. Box 1262
Court House, East Wing
Freehold, NJ 07728-1262
*LAWYER REFERRAL*
(908) 431-5544
*LEGAL SERVICES*
(908) 747-7400

MORRIS COUNTY:
Alfonse W. Scerbo, Clerk
CN-900
30 Schuyler Place
Morristown, NJ 07960
*LAWYER REFERRAL*
(201) 267-5882
*LEGAL SERVICES*
(201) 285-6911

OCEAN COUNTY:
M. Dean Haines, Clerk
119 Court House
CN-2191
Toms River, NJ 08754
*LAWYER REFERRAL*
(908) 240-3666
*LEGAL SERVICES*
(908) 371-2727

SOMERSET COUNTY:
R. Peter Widin, Clerk
Civil/General Equity
New Court House, 3rd Floor
P.O. Box 3000
Somerville, NJ 08876
*LAWYER REFERRAL*
(908) 685-2323
*LEGAL SERVICES*
(908) 231-7400

SUSSEX COUNTY:
Helen C. Ackerman, Clerk
Superior Court, Law Division
49 High Street
Newton, NJ 07860
*LAWYER REFERRAL*
(201) 267-5882
*LEGAL SERVICES*
(201) 383-7400

UNION COUNTY:
Walter G. Halpin, Clerk
First Floor, Court House
Elizabeth, NJ 07207
*LAWYER REFERRAL*
(908) 353-4715
*LEGAL SERVICES*
(908) 354-4340

WARREN COUNTY:
Terrance D. Lee, Clerk
Court House
Belvidere, NJ 07823
*LAWYER REFERRAL*
(201) 267-5882
*LEGAL SERVICES*
(201) 475-2010

**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiff

| | |
|---|---|
| NORTH JERSEY BRAIN & SPINE CENTER, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED BENEFIT FUND, <br><br> Defendant. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: BERGEN COUNTY <br> DOCKET NO.: BER-L-3241-08 <br><br> **AFFIDAVIT OF DILIGENT INQUIRY** |

STATE OF NEW JERSEY )
                     ) SS:
COUNTY OF ESSEX      )

MATTHEW R. MENDELSOHN, of full age, hereby certifies as follows:

1. I am an attorney-at-law of the State of New Jersey and an associate with the law firm of Mazie Slater Katz & Freeman, attorneys for plaintiffs in the above-captioned matter. I am making this affidavit pursuant to R. 4:4-4(b)(1) to permit plaintiff to serve the Summons and Complaint in this action upon the defendant, United Benefit Fund, via regular mail and certified mail pursuant to the provisions of this rule.

2. Plaintiff filed the within action seeking damages against defendant for breach of contract and related claims.

3. Our research indicates that the defendant's address is 75-13 Metropolitan Avenue, Middle Village, New York 11379 and our research did not uncover a New Jersey address.

| CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|
| Use for initial Law Division – Civil Part pleadings (not motions) under Rule 4:5-1 | PAYMENT TYPE:  CK   CG   CA |
| | CHG/CK NO. |
| | AMOUNT |
| Pleadings will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed. | OVERPAYMENT: |
| | BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Eric D. Katz, Esq. | (973) 228-9898 | Bergen |

| FIRM NAME (IF APPLICABLE) | DOCKET NUMBER (when available) |
|---|---|
| Mazie Slater Katz & Freeman, LLP | L-3241-08 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 103 Eisenhower Parkway Roseland, New Jersey 07068 | Complaint |
| | JURY DEMAND  [x] Yes  [ ] No |

| NAME OF PARTY (e.g. John Doe, Plaintiff) | CAPTION |
|---|---|
| North Jersey Brain & Spine Center | North Jersey Brain & Spine Center v. United Benefit Fund |

| CASE TYPE (see reverse side for listing) 502 | IS THIS A PROFESSIONAL MALPRACTICE CASE?  [ ] Yes  [x] No |
|---|---|
| | IF YOU HAVE CHECKED "YES", SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASE PENDING  [ ] Yes  [x] No | IF YES, LIST DOCKET NUMBERS |
|---|---|
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?  [ ] Yes  [x] No | NAME OF DEFENDANTS PRIMARY INSURANCE COMPANY, IF KNOWN  [ ] None  [ ] Unknown |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  [x] Yes  [ ] No | IF YES, IS THAT RELATIONSHIP  [ ] EMPLOYER-EMPLOYEE  [ ] FRIEND/NEIGHBOR  [ ] OTHER  [ ] FAMILIAL  [x] BUSINESS (explain) |
|---|---|
| B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  [ ] Yes  [x] No | |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| DO YOU OR YOUR CLIENT HAVE ANY NEEDS UNDER THE AMERICANS WITH DISABILITIES ACT?  [ ] Yes  [x] No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
|---|---|
| WILL AN INTERPRETER BE NEEDED?  [ ] Yes  [x] No | IF YES, FOR WHAT LANGUAGE: |

ATTORNEY SIGNATURE: /s/

**SIDE 2**



## CIVIL CASE INFORMATION STATEMENT
### (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES:** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I – 150 days' discovery**
- 151  Name Change
- 175  Forfeiture
- 302  Tenancy
- 399  Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  Book Account
- 505  Other Insurance Claim (including Declaratory Judgment Actions)
- 506  PIP Coverage
- 510  UM or UIM Claim
- 511  Action on Negotiable Instrument
- 512  Lemon Law
- 801  Summary Action
- 802  Open Public Records Act (Summary Action)
- 999  OTHER (Briefly describe nature of action)

**TRACK II – 300 days' discovery**
- 305  Construction
- 509  Employment (other than CEPA or LAD)
- 599  Contract/Commercial Transaction
- 603  Auto Negligence - Personal Injury
- 605  Personal Injury
- 610  Auto Negligence – Property Damage
- 699  Tort – Other

**TRACK III – 450 days' discovery**
- 005  Civil Rights
- 301  Condemnation
- 602  Assault and Battery
- 604  Medical Malpractice
- 606  Product Liability
- 607  Professional Malpractice
- 608  Toxic Tort
- 609  Defamation
- 616  Whistleblower/Conscientious Employee Protection Act (CEPA) Cases
- 617  Inverse Condemnation
- 618  Law Against Discrimination (LAD) Cases

**TRACK IV – Active Case Management by Individual Judge/450 days' discovery**
- 156  Environmental Coverage Litigation
- 303  Mt. Laurel
- 508  Complex Commercial
- 513  Complex Construction
- 514  Insurance Fraud
- 701  Actions in Lieu Prerogative Writ

**Mass Tort (Track IV)**

| | | | | |
|---|---|---|---|---|
| 241 | TOBACCO | | 275 | ORTHO EVRA |
| 248 | CIBA GEIGY | | 276 | DEPO-PROVERA |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | | 277 | MAHWAH TOXIC DUMP |
| 271 | ACCUTANE | | 278 | ZOMETA/AREDIA |
| 272 | BEXTRA/CELEBREX | | 601 | ASBESTOS |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | | 619 | VIOXX |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics".

Please check off each applicable category:  ____ Verbal Threshold   ____ Putative Class Action   ____ Title 59

Effective: 02/01/2008, CN: 10517-English

BERGEN
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK      NJ 07601-7680

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (201) 527-2600
COURT HOURS

```
                 DATE:  APRIL 29, 2008
                 RE:    NORTH JERSEY BRAIN & SPINE CTR VS UNITED BENEFIT
                 DOCKET: BER L -003241 08
```

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 1.

DISCOVERY IS  150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON JOHN J. LANGAN

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    004
AT: (201) 527-2600.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                 ATTENTION:
                            ATT: ERIC D. KATZ
                            MAZIE SLATER KATZ & FREEMAN
                            103 EISENHOWER PARKWAY
                            ROSELAND        NJ 07068

JJBSC

**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiff

| | |
|---|---|
| NORTH JERSEY BRAIN & SPINE CENTER, | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>DOCKET NO.: BER-L-3241-08 |
| Plaintiff, | |
| vs. | **SUMMONS** |
| UNITED BENEFIT FUND, | |
| Defendant. | |

From The State of New Jersey

To The Defendant(s) Named Above: United Benefit Fund

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, New Jersey 08625. A filing fee of $135.00 for Law Division cases or $135.00 for Chancery Division cases, payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

/s/*Theodore J. Fetter*
THEODORE J. FETTER
Clerk of the Superior Court

Dated: May 1, 2008

Name of Defendant to be Served:     United Benefit Fund
Address of Defendant to be Served:  75-13 Metropolitan Avenue
                                    Middle Village, New York 11379

SUPERIOR COURT BERGEN COUNTY
FILED
APR 29 2008

DEPUTY CLERK

**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiff

| | |
|---|---|
| NORTH JERSEY BRAIN & SPINE CENTER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED BENEFIT FUND,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>DOCKET NO.: BER-L- 3241-08<br><br><br><br>**COMPLAINT AND**<br>**JURY DEMAND** |

Plaintiff, North Jersey Brain & Spine Center ("NJBSC"), by way of Complaint, alleges as follows:

## THE PARTIES

1. Plaintiff, NJBSC is a neurosurgical medical practice specializing in the treatment of the brain and spinal cord and having its main office located at 20 Prospect Avenue, Hackensack, New Jersey 07601. At all relevant times, the plaintiff was (and is) an "out-of-network" medical practice that provided various medical services to subscribers and/or their dependants enrolled in the healthcare plans operated, controlled and/or administered by the defendant.

2. Defendant, United Benefit Fund ("Fund") maintains its corporate offices at 75-13 Metropolitan Avenue, Middle Village, New York 11379.

## SUBSTANTIVE ALLEGATIONS

1. Fund operates, controls and/or administers managed healthcare or related insurance plans and claims submitted by its subscribers and/or their dependents. At all relevant times, Fund provided the following subscribers/dependents, and others that will be identified in the course of litigation, with "out-of-network" benefits, enabling these individuals to gain access to the physicians (providers) of their choice, rather than limiting access only to "in-plan" physicians as would be true with a health maintenance organization plan:

| PATIENT INITIALS | DATES OF SERVICE |
|---|---|
| F.H. | 10/19/07 |

2. On or about December 17, 2007, defendant's insured, patient F.H. was admitted to the emergency room at Hackensack University Medical Center with a history of metastatic lung cancer. The patient was unable to ambulate. A consult was performed and it was determined that the patient's cancer had spread to his thoracic spine. On December 19, 2007, NJBSC's surgeon performed medically necessary and successful spinal decompression, laminectomy and other services on F.H., to reduce the patient's significant spinal cord compression that had resulted from the patient's neurological deficit progression.

3. Pursuant to New Jersey statutory and administrative regulations, defendant Fund was obligated to pay NJBSC 100% of plaintiff's billed usual, customary and reasonable ("UCR") fees, less the patient's co-pay, co-insurance or deductible, if any. Moreover, defendant Fund was required to make payment to plaintiff within 40 calendar days of receipt of plaintiff's bill. Contrary to these statutory and administrative code

provisions, however, Fund has not paid anything for the surgical services rendered and plaintiff's bill remains outstanding.

4. It cannot be reasonably disputed that all of the surgical procedures performed were "medically necessary" and were emergency procedures.

5. The UCR fee, often referred to as the "reasonable and customary" fee, is defined, or is reasonably interpreted to mean, the amount that "out-of-network" providers, like the plaintiff, normally charge to their patients in the free market, i.e., without an agreement with an insurance company or other payor to reduce such a charge in exchange for obtaining access to the insurance company's or Fund's subscribers. Moreover, the UCR fee means the usual charge for a particular service by providers in the same geographic area with similar training and experience.

6. With respect to the services at issue rendered to the subscribers/dependents, defendant arbitrarily refused to pay the plaintiff for such services. In fact, after being contacted about these claims which were never paid, defendant has still refused to process and pay said claims.

7. By and through this lawsuit, NJBSC now seeks damages, due to defendant's actions.

8. The claims in this lawsuit do not arise under ERISA, do not arise from an assignment of benefits and do not arise under any purported federal common law or doctrine. All of the subject claims arise from New Jersey state common and statutory law.

## FIRST COUNT
### (Unjust Enrichment)

1. Plaintiff repeats and realleges each and every allegation set forth above as if set forth in full herein.

2. At all relevant times, defendant consistently and systematically refused to pay plaintiff for the medical services it provided to the subscribers/dependents, contrary to its insurance coverage, statutory and regulatory obligations.

3. The defendant was paid premiums by its subscribers for out-of-network benefits and, pursuant to said premiums, was legally obligated to provide such coverage to its subscribers. In order to satisfy its coverage obligations to its subscribers, defendant, by necessity, required the services of NJBSC, to render medical services. Plaintiff did, in fact, render surgical services to defendant's subscribers.

4. The defendant has therefore received a benefit as a result of plaintiff's rendering of medical services that remain unpaid. Thus, Fund has been unjustly enriched through the use of funds that earned interest or otherwise added to its profits when said money should have been paid in a timely and appropriate manner to the plaintiff.

5. As a result of the defendant's unjust enrichment, NJBSC has suffered damages.

WHEREFORE, plaintiff demands judgment against defendant for:

a) Compensatory damages;

b) Interest;

b) Costs of suit;

c) Punitive Damages;

d) Attorney's fees; and

d) Such other relief as the Court deems equitable and just.

## SECOND COUNT
### (Violations of New Jersey Regulations Governing Payment for Emergency Services Rendered By Non-Participating Providers)

1. Plaintiff repeats and realleges each and every allegation set forth above as if set forth in full herein.

2. Pursuant to N.J.A.C. 11:22-5.6(b), 11:24-5.3(b), 11:24-5.1(a), and 11:24-9.1(d), defendant was obligated to pay NJBSC 100% of plaintiff's usual, customary and reasonable ("UCR") fees, less the patient's copay, co-insurance or deductible.

3. Contrary to New Jersey administrative code provisions, however, defendant Fund has not paid for the surgical services rendered and plaintiff's bill remains outstanding.

4. As a result of the defendant's intentional and blatant violations of the subject administrative codes, plaintiff has been damaged. Plaintiff has a private right of action, express or implied, to prosecute its claim under these regulations.

WHEREFORE, plaintiff demands judgment against defendant for:

a) Compensatory damages;

b) Interest;

e) Costs of suit;

f) Punitive Damages;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just

## THIRD COUNT
### (Violations of the HINT Act and HCAPPA)

1. Plaintiff repeats and realleges each and every allegation set forth above as if set forth in full herein.

2. Pursuant to N.J.S.A. 17B:30-23, 17:48-8.4, 17:48A-7.12, 17:48E-10.1, 17B:26-9.1, 17B:27-44.2 and 26:2J-8.1 (the relevant portions of what is commonly referred to as the Healthcare Information Networks and Technologies ("HINT") Act), and the corresponding administrative code sections codified at N.J.A.C. 11:22-1 et seq., defendant is required to remit payment to a healthcare provider for an "eligible" non-capitated claim for medical services no later than thirty (30) calendar days following electronic receipt of the claim by defendant or, if not submitted electronically, not later than forty (40) calendar days following receipt. In the alternative, defendant is required to notify the provider within the same time frames of the specific reasons for a denial or dispute and to expeditiously request any missing information or documentation required to process the claims. (This provision of the HINT Act was amended effective July 11, 2006 as to electronic claims and reduced to seven (7) calendar days pursuant to the Health Claims Authorization, Processing and Payment Act ("HCAPPA")). The failure to do so constitutes an unequivocal waiver of defendant's right to contest such claims for any reason other than fraud. All overdue payments must bear simple interest at the rate of ten (10) percent per annum. (This interest rate increased to twelve (12) percent per annum effective July 11, 2006 pursuant to the Health Claims Authorization, Processing and Payment Act HCAPPA).

3. Despite its statutory duties, defendant as a matter of its own pattern and practice, delayed payment of properly submitted claims from the plaintiff and did not pay

them at all, and then did not pay interest on the delayed payments. The defendant benefits by this practice. By delaying payment of a claim, defendant earns profits from its use of the funds, profits that it would not earn if payment were made in a timely manner.

4. NJBSC has submitted "clean" or "eligible" non-capitated claims which defendant has failed to pay within the prescribed statutory time period despite numerous attempts by plaintiff to address and resolve these issues with defendant. These practices by defendant are in violation of the HINT Act and HCAPPA.

5. The foregoing acts or omissions by defendant, in violation of the HINT Act and HCAPPA, were intentional and accompanied by a wanton and willful disregard of the rights of plaintiff. These acts or omissions include, but are not limited to, defendant's: (i) delay or denial of payment of properly submitted claims; (ii) failure to pay interest on the delayed payments; (iii) failure to notify plaintiff of the reasons for non-payment of claims; (iv) offering of evasive or incomplete explanations to plaintiff regarding the status of outstanding claims; and (v) failure to timely notify plaintiff of the specific reasons for a claim dispute or denial. The defendant has engaged in such conduct with knowledge that there was a high degree of probability of harm by these acts or omissions because of its understanding that the plaintiff is simply too occupied with the practice of medicine and the care of its patients to be inconvenienced with never ending follow-up communications with defendant on outstanding, unpaid or inappropriately paid claims. The defendant's conduct in this regard demonstrates a reckless indifference to the consequences of its acts or omissions.

6.  As a result of defendant's violations of the HINT Act and HCAPPA, NJBSC has been damaged. Plaintiff has a private right of action, express or implied, to prosecute its claims under the statutes and regulations.

WHEREFORE, plaintiff demands judgment against defendant for:

(a) Compensatory damages and interest for payment of the medical services provided which remain unpaid, are delayed or reduced as a result of the improper claims processing tactics utilized by the defendant;

(b) Costs of suit;

(c) Punitive Damages;

(d) Attorney's fees; and

(e) Such other relief as the Court deems equitable and just.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

MAZIE SLATER KATZ & FREEMAN, LLC
Attorneys for Plaintiff

DATED: April 28, 2008        By: _____
                                 MATTHEW R. MENDELSOHN

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Eric D. Katz, Esq. as trial counsel in the above matter.

MAZIE SLATER KATZ & FREEMAN, LLC
Attorneys for Plaintiff

DATED: April 28, 2008         By: _____
                                   MATTHEW R. MENDELSOHN

## CERTIFICATION PURSUANT TO RULE 4:5-1(b) 2

MATTHEW R. MENDELSOHN, of full age, hereby certifies that:

1. I am an associate with the law firm of Mazie Slater Katz & Freeman, LLC, attorneys for plaintiff in this action.

2. To the best of my knowledge, the matter in controversy is not the subject of any other action pending in any Court or any pending arbitration proceeding.

3. No other actions or arbitration proceedings are contemplated by this plaintiff against the defendant at this time.

4. I know of no other parties that should be joined in this action at this time.

I certify that the foregoing statements made by me are true. I am aware that if the foregoing statements made by me are willfully false, I am subject to punishment.

DATED: April 28, 2008         _____
                                   MATTHEW R. MENDELSOHN

H:\EDK\Comp Neuro\United Benefit Fund\Complaint and Jury Demand 4-23-08.doc